IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| EARNEST BARNARD CLAYTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 325-014 |
| | ) | |
| SHELLY T. MILTON; CHRISTOPHER M. CARR; LORETTA L. PINKSTON-POPE; ROGER A. CHALMERS; WARDEN TOBY; ANDREW MCFARLANE; COUNSELOR NEWTON; BRIAN P. KEMP; C.O. CLAYTON; GEORGE IVEY; RICKY WILCOX; TYRONE OLIVER; CHIEF COUNSELOR BLACK; COUNSELOR RASHENDA MITCHELL; D.R. INVESTIGATOR DAVIS; CAPTAIN JIMMY KELLOM; and VERONICA STEWART, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, currently incarcerated at Telfair State Prison ("TSP") in Helena, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 2), and this action be **DISMISSED** without prejudice.

**I.    BACKGROUND**

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007); see also Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1726 (U.S. 2020) ("The point of the PLRA, as its terms show, was to cabin not only abusive but also simply meritless prisoner suits."). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Id. at 721-27.

II. **DISCUSSION**

   A. **Dismissal Is Warranted Because Plaintiff Has Three Strikes Under § 1915(g)**

Plaintiff concedes he has previously had at least three cases dismissed as frivolous, malicious, or for failure to state a claim. (Doc. no. 1, p. 3.) A review of Plaintiff's history of filings confirms he has brought at least three actions or appeals that were dismissed and count as strikes: (1) Clayton v. Williams, No. 6:17-cv-070 (S.D. Ga. Dec. 6, 2017) (dismissed for failure to state a claim and failure to follow court order); (2) Clayton v. Williams, No. 6:16-cv-151 (S.D. Ga. Nov. 14, 2017) (dismissed for failure to state a claim and failure to follow court order); and (3) Clayton v. Williams, No. 6:16-cv-174 (S.D. Ga. Mar. 20, 2017) (dismissed for failure to state a claim and failure to follow court order). See also, e.g., Clayton

v. Allen, CV 618-005 (S.D. Ga. May 9, 2018) (dismissing for three strikes under § 1915(g)). Because Plaintiff has at least three strikes, he cannot proceed IFP unless he can demonstrate he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g). Mitchell v. Nobles, 873 F.3d 869, 873 (11th Cir. 2017).

### B. Plaintiff Does Not Qualify for the Imminent Danger Exception

In order to come within the imminent danger exception, a prisoner must be in imminent danger of serious physical injury at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Plaintiff's complaint concerns alleged mishandling of Plaintiff's grievances, grievance appeals, and legal mail over a period of nearly two years prior to the filing of the instant complaint. (Doc. no. 1, pp. 6-9.) Plaintiff further alleges the mishandling of these confidential documents by Defendants has caused rumors to spread about Plaintiff, including that he is a "snitch," he is trying to get prison officials fired, and he has been responsible for various "lockdowns" at the prisons where he has been housed. (Id. at 7.) Although Plaintiff claims these rumors "have severely increased [his] risk(s) of being kill [sic], assaulted and serious[ly] harmed" at various prisons throughout Georgia and alleges he was attacked by fellow inmates on past occasions, he does not address how these rumors have caused him to remain in imminent danger at the time he filed his complaint. (See id. at 7-8.) As to his allegations regarding the mishandling of his grievances and legal mail, Plaintiff claims his grievance appeals were not processed and his legal mail was never received by the court, but he fails to provide any context as to how this issue creates an imminent risk to his physical safety. (See id. at 6-9.) In sum, none of Plaintiff's allegations show he is in imminent danger of serious physical injury so as to be exempted from the three strikes rule. See Odum

3

v. Bryan Cnty, Jud. Cir., No. CV 4:07-181, 2008 WL 766661, at *1 (S.D. Ga. Mar. 20, 2008) (requiring specific allegations grounded in specific facts indicating injury is imminent). For these reasons, Plaintiff fails to demonstrate he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

### III. CONCLUSION

In summary, Plaintiff has accumulated at least three strikes against him and cannot satisfy the dictates of the "imminent danger" exception of § 1915(g). Thus, he fails to demonstrate that he should be excused from paying the full filing fee. Therefore, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 2), and this action be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in this case, he should be required to initiate a new lawsuit, which would require submission of a new complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO REPORTED and RECOMMENDED this 4th day of March, 2025, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA